IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COYLE THOMAS JENNINGS, § | | |
| TDCJ #1602005, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-4024 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Coyle Thomas Jennings (TDCJ #1602005), seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. The respondent has filed a motion to dismiss [Doc. # 10], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Jennings has not filed a reply and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.   BACKGROUND**

A local grand jury returned an indictment against Jennings on charges of aggravated robbery with a deadly weapon, namely, a firearm, in Harris County cause number 1100488. *See Clerk's Record*, at 7. At trial, the victim testified that Jennings and another young man entered her home and robbed her family at gunpoint. *See Court Reporter's Record*, vol. 4,

at 133. She recognized Jennings as one of the armed perpetrators because he was friends with her step-son and had been to the house many times before. *See id*. at 133-36. She immediately identified Jennings from a photo lineup and at trial as one of the individuals who committed the armed robbery. *See id*. at 146-48. On February 8, 2008, a jury in the 209th District Court for Harris County, Texas, found Jennings guilty as charged in the indictment. *See Clerk's Record*, at 56. Later that same day, the jury sentenced Jennings to serve 8 years in prison. *See id*. at 65.

On direct appeal, Jennings challenged the admissibility of his pretrial identification. An intermediate court of appeals rejected all of his arguments and affirmed the conviction in an unpublished opinion. *See Jennings v. State*, No. 14-08-00123-CR, 2009 WL 1677858 (Tex. App. — Houston [14th Dist.] June 4, 2009). Jennings did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Jennings now seeks a writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254. In the pending petition, which is dated November 10, 2011,[1] Jennings takes issue with the credibility of the victim's testimony and the validity of his identification. He appears to argue that the evidence was insufficient to support his conviction. The respondent

---

[1] The Clerk's Office received the petition on November 16, 2011, and filed it that same day. Jennings executed the petition on November 10, 2011, indicating that he placed it in the "prison mailing system" on that date. Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Using the date most favorable to Jennings, the Court will consider the petition filed on November 10, 2011, for purposes of deciding the respondent's motion.

argues that the petition must be dismissed as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). The motion is addressed below under the applicable habeas corpus statutes.

## II.     DISCUSSION

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179. Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

In this instance, Jennings challenges a state court conviction that was entered in 2008. The statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As outlined above, the conviction at issue was affirmed on June 4, 2009. Normally, a petitioner has 30 days to appeal further by

filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.2. Although Jennings did not appeal further, he was granted an extension of time to file a petition for discretionary review until September 4, 2009. That date triggered the statute of limitations found in the AEDPA, which expired one year later on September 4, 2010. According to this calculation, the pending federal habeas corpus petition, which was executed on November 10, 2011, is late by more than a year and is time-barred unless Jennings establishes that a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. The record shows that, on June 20, 2011, Jennings filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure. The state habeas corpus court, which also presided over the trial, entered findings of fact and concluded that Jennings was not entitled to relief. The Texas Court of Criminal Appeals agreed and denied the application without a written order on October 12, 2011. *See Ex parte Jennings*, No. 76,446-01. This application, which was pending for a total of 114 days, extended the deadline to pursue habeas corpus relief in federal court from September 4, 2010, until December 27, 2010. The pending federal habeas corpus petition, which is dated November 10, 2011, remains untimely under this calculation.

Jennings has not filed a reply to the respondent's motion to dismiss and has offered no explanation for his delay in seeking habeas corpus review. Neither the pleadings nor the record disclose any other basis for statutory or equitable tolling of the limitations period. In

that regard, Jennings does not demonstrate that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which the petition is based, and there is no factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Because Jennings makes no effort to show that he was prevented from filing a timely petition, equitable tolling is not available. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). Based on this record, Jennings has not established a valid basis to extend the deadline for federal review.[2] Accordingly, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C.

---

[2]   The respondent argues, in the alternative, that the petition should be dismissed because the conclusory nature of the claims do not merit relief under the federal habeas corpus standard of review. The Court need not address this alternative argument because the petition is plainly barred by the governing statute of limitations.

§2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss [Doc. # 10] is **GRANTED**.

2. The habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>April 13</u>, 2012.

_____
Nancy F. Atlas
United States District Judge